# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 25, 2012

## JASON R. WILLIAMS v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5951     Lynn W. Brown, Judge**

———

**No.  E2011-02557-CCA-R3-HC - Filed August 17, 2012**

———

Petitioner, Jason R. Williams, appeals from the denial of a petition for writ of habeas corpus in which he complained that the McMinn County trial court did not have jurisdiction to impose concurrent sentences.  After the timely filing of a notice of appeal, Petitioner argues in this Court that the habeas petition was improperly dismissed and that Tennessee Code Annotated section 29-21-101, which limits the grounds for habeas corpus relief, is unconstitutional.  After a review of the record, we conclude that Petitioner has not provided an adequate record demonstrating his sentences were illegal.  Thus, we chose not to address the constitutionality of the statute.  Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., Joined.

Jason R. Williams, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, Leslie E. Price, Assistant Attorney General; Anthony Clark, District Attorney General, and Andrew M. Freiberg, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

Petitioner pled guilty on November 4, 2004, to selling over .5 grams of cocaine in Bradley County. He received an eight-year sentence as a Range I, standard offender. According to the judgment sheet, Petitioner was "to apply for community corrections." The trial court made a notation to "[r]eview 12-6-04." On March 5, 2007, Petitioner pled guilty to robbery in Bradley County in exchange for an eight-year sentence as a Range II, multiple offender. This sentence was ordered to run concurrently with the Bradley County "VOP #02-574," the conviction for the sale of over .5 grams of cocaine. In the notes, the trial court wrote that Petitioner waived "sentencing range and agrees to have court sentence him as a range II offender." Finally, on April 12, 2010, Petitioner pled guilty to robbery in McMinn County and was sentenced as a Range I, standard offender to three years in incarceration, to run concurrently with his two prior sentences in Bradley County.

Petitioner filed a petition for writ of habeas corpus on September 26, 2011. In the petition, he argued that the trial court was without jurisdiction to order the sentence for robbery to run concurrently with his prior sentences in Bradley County because he was on parole at the time of the sentence and Tennessee Code Annotated section 40-28-123(a) prohibits this type of sentence. Additionally, Petitioner argued that the 2009 Amendments to Tennessee Code Annotated section 29-21-101 effectively limiting the grounds for habeas corpus relief were unconstitutional.

The habeas corpus court denied the petition finding that the conviction was not void and the sentence had not expired. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner insists that the "legislature exceed[ed] its authority and create[d] an unconstitutional suspension of the writ of habeas corpus when it enacted the June 11[th] 2009 Amendment to Tennessee Code Annotated section 29-21-101. Specifically, Petitioner argues that he is entitled to habeas relief because his judgments are in direct contravention of a statute. The State, on the other hand, argues that Petitioner failed to establish that his judgment for robbery was void. Further, Petitioner failed to show he was on parole at the time of his sentencing and agreed to the sentence as part of his plea agreement. Finally, the State urges this Court to determine the matter without reaching Petitioner's constitutional question.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

Petitioner herein challenges the trial court's jurisdiction to order his sentence for robbery to be served concurrently with his two prior Bradley County sentences. He argues that the sentences were statutorily required to be served consecutively and, therefore, his sentences are void. Petitioner correctly notes that Tennessee Code Annotated section 40-28-123(a) and Tennessee Rule of Criminal Procedure 32(c)(3)(A) require sentences for felonies committed while on parole be served consecutively to any sentence remaining for the paroled offense. *See Hogan v. Mills*, 168 S.W.3d 753, 756 (Tenn. 2007).

The habeas court can dismiss the petition for failing to provide an adequate record for review. *Summers*, 212 S.W.3d at 259. Petitioner herein failed to provide documentation establishing that he was on parole at the time of the robbery. Petitioner points to a notation on the judgment form under the box labeled "concurrent with:" where the trial court noted "Bradley County VOP." Even if we were to consider this adequate documentation that Petitioner was on parole at the time of the robbery, Petitioner would still not be entitled to relief.

In 2009, the General Assembly acted to limit habeas corpus relief on plea-bargained sentences further by adding the following language to the habeas corpus statute:

(b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:
(1) *The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing*;
(2) The petitioner's sentence included a release eligibility percentage where the petitioner was not entitled to any early release; or
(3) The petitioner's sentence included a lower release eligibility percentage than the petitioner was entitled to under statutory requirements.

T.C.A. § 29-21-101 (Supp. 2009) (emphasis added). This language applies to all habeas corpus petitions filed on or after June 11, 2009. 2009 Tenn. Pub. Acts 420. In the case herein, Petitioner pled guilty to the underlying conviction in 2004. His petition was filed in 2011, after the effective date of the amendment. It appears that this statute disentitles individuals in the position of Petitioner to habeas corpus relief.

Finally, Petitioner challenges the constitutionality of the statutory amendments to Tennessee Code Annotated section 29-21-101. Because we have resolved Petitioner's issue on the basis that he did not provide an adequate record for relief, we decline to reach the broader constitutional issue presented. *See State v. Taylor*, 70 S.W 717, 720-21 (Tenn. 2002) (citing *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)); *see also Eric Amos v. Tony Parker, Warden*, No. W2010-01377-CCA-R3-HC, 2011 WL 4432896, at *3 (Tenn. Crim. App., at Jackson, Sept. 23, 2011). Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
JERRY L. SMITH, JUDGE